UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 01-10373-RWZ

UNITED STATES OF AMERICA

v.

PAUL A. DECOLOGERO, et al.

ORDER ON PRETRIAL MOTIONS AND RELATED MATTERS

January 4, 2006

ZOBEL, D.J.

Both the government and defendants, collectively and individually, have filed a

total of 71 motions in anticipation of the trial scheduled to commence on January 9,

2006.  The government has agreed that its motions may be decided on the papers,

while defendants insist on oral argument as to each motion filed by one or more of

them.  After hearing the parties on several of the pending motions, except where

otherwise noted, the following are ripe for decision either because they were argued or

because the court, in its discretion, has determined that the parties have presented full

and complete written argument and further oral presentations are not necessary.  The

rulings on these motions  follow:

**A.      Motions filed by defendants jointly**

1. Motion to Exclude Evidence Handled by the Office of the Medical Examiner

(#780)

The motion is denied.  Defendants may cross-examine any witness from that Office as to its management of evidence.

2.  Motion to Exclude Defendants' Statements to Frank Czerwinski (#1504)

Resolution of this motion depends on a factual determination of Mr. Czerwinski's status at the time defendants made the incriminating statements.  An evidentiary hearing will be held after the jury has been impaneled.

3.  Motion in Limine to Exclude Stephen DiCenso's Testimony (#1505)

The motion is denied as to parts A, B, and D.  It is allowed as to part C; the government shall not explain to the jury Mr. DiCenso's specific needs and particular problems.

4.  Motion for Discovery Regarding Case CC-95-0164 and Request for Dismissal Due to Brady Violations (#1506)

The motion is denied except to the extent it encompasses exculpatory material not heretofore produced.

5.  Motion for Production of Interview Notes (#1507)

The motion is denied in light of both the government's representation that none of the materials sought are discoverable under Brady and the dictates of Rule16(a)(2), Fed. R. Crim. P.

6.  Motion in Limine to Exclude Various Government Evidence (#1508)

The motion is denied as to subparagraphs 1(b) through (j); 3(a) through (c); 4; 5 and 7 as the government says it will not offer this evidence which defendants wish to exclude.  It is also denied as to subparagraph 1 (a); 3(d) and (e) and 6.  Paragraph 2

tracks the motion numbered 1504 and it will be addressed in conjunction with that motion.

7.   <u>Motion to Present Stephen DiCenso 's Testimony by Deposition</u> (#1509)

The motion is denied.

8.   <u>Motion for Disclosure of Pretrial Services and Probation Reports of Cooperating Witnesses</u> (#1510)

The motion is denied except to the extent the government has made certain of these materials available to defendants.

9.   <u>Motion for Disclosure and Use of Regans' Polygraph Failure</u> ( #1511)

The motion is denied.

10.   <u>Motion to Suppress Bentley Eyewitness Identifications</u> (#1512)

The motion is denied as these matters are properly addressed through cross-examination.

11.   <u>Motion for Disclosure of Identity of Government's Informants</u> (#1523)

The motion is denied.

12.   <u>Motion to Suppress Soccorso Eyewitness Identification</u> (#1525)

The motion is denied.  This, again, is a matter for cross-examination.

13.   <u>Motion for Production of Exculpatory Evidence Previously Provided to the Boston Herald</u> (#1526)

The motion is denied.  The government denies that it was the source of the story referenced and defendants provide no showing that its denial is false.

14.  Motion for Production of Discovery (#1529)

The motion is denied given the government's statement that much of the evidence requested has either been produced or does not exist.  The remaining items do not appear to be relevant to this trial.

15.  Motion for Individual *Voir Dire* in Conjunction with Jury Questionnaire and Request for Additional Challenges (#1542)

The motion is denied except to the extent that counsel will have an opportunity to ask follow-up questions if any juror has to be interviewed by the court.

16.  Joint Motion to Exclude the Government's Fingerprint Identification Evidence (#1527)

Insofar as the motion raises Daubert issues, defendants may conduct reasonable voir dire examination of the government's experts before they testify on the merits.

**B.    Motions filed by individual defendants**

1.  Motion of Paul J. DeCologero

Motion to Preclude the Government from Mentioning Defendant's Drug Use (#652)

The motion is allowed as to the government's opening.  It is denied as to eliciting evidence.  However, the government shall offer such evidence only to the extent it is relevant to an issue in the case and advise defense counsel before the evidence is to be introduced.

2.  <u>Motions of John P. DeCologero and Paul J. DeCologero to Sever</u> (## 782, 856 and 1514)

The motions are denied.

3.  <u>Motions of John P. DeCologero</u>

a)  <u>Motion to Disclose Contacts Between the Government and Jailhouse Informants</u> (#755)

This motion addresses the status of Frank Czerwinski and whether he was a government informant at the time defendant allegedly made incriminating statements to him.  The witness' status and this motion will be heard in conjunction with defendants' joint motion on the same subject, #1504.  See Paragraph A.2 above.

b)  <u>Motion to Dismiss the Indictment on Anticipated Variance Grounds</u> (#742)

This motion is denied in light of the court's ruling on the government's motion on the same subject, #1522.  See Paragraph C.13 below.

c)  <u>Amended Motion in Limine</u> (#781)

The motion is denied as to Paragraph 1 as moot.

It is denied as to the remaining paragraphs subject to possible objections on the grounds of relevance and, if necessary, limiting instructions as to certain evidence applicable only to other defendants. These rulings cannot be made in the abstract before trial.

d)  <u>Motion to Exclude Alleged Hair Evidence and Related Testimony</u> (#783)

Ruling on this motion is reserved to the trial.

      e)  <u>Motion to Exclude Evidence of Statements Allegedly Made by</u> <u>Defendant</u> (#788)

Ruling on this motion is reserved to the trial.

      f)  <u>Motion to Suppress Statements Defendant Made to Michael Tannous</u> (#821)

Defendant objects to any testimony by Michael Tannous recounting statements defendant may have made while both were incarcerated and housed in the same cell on the ground that Michael Tannous was cooperating with the government during at least a portion of the time in question.  Defendant cites no facts to support his assertion that the government actively solicited or directed Michael Tannous with regard to any statements of defendant.  The motion is denied.

    4.  <u>Motions of Joseph Pavone</u>

      a)  <u>Motion to Dismiss for Government Misconduct</u> (#665)

Pavone asserts prejudice on the basis that alleged government informants hired an attorney for him who elicited, and transmitted to the informants, confidential information.  He relies primarily on an unrelated case involving the same alleged informants in a similar claim of government misconduct and seeks to review documents produced in that case.  In response, the government provided affidavits by the three federal prosecutors handling this case, the state police sergeant participating in the investigation, and the special agent assigned by the Bureau of Alcohol, Tobacco and Firearms & Explosives to this case, each of which affidavit specifically denies

solicitation and/or receipt of information from the alleged government informants or the attorney, either directly or indirectly.  Each affiant also denies use of any such information, either directly or indirectly, at all in the investigation or prosecution of the case.  In light of these representations, and in the absence of any contradictory factual support, the court is not persuaded that documents from the other, unrelated case will suffice to sustain Pavone's burden under First Circuit case law to show receipt by the prosecution of strategic information and therefore prejudice.  This motion is denied.

b)  Motions for Discovery Related to Defendant's Motion to Dismiss (## 688 and 1459)

These motions are denied in light of the court's above ruling on Pavone's Motion to Dismiss, #665.

c)  Motion for a Hearing on Defendant's Motion to Dismiss and an Order to Compel Production of Documents (#1453, 1456, and 1598)

These motions are denied in light of the court's above rulings on the underlying motions, ## 665, 688 and 1459.

5.  Motions of Paul A. DeCologero

a)  Motion to Compel Government to Turn Over Records Subpoenaed by Defendant Pursuant to Court Order (#766 and 776)

The court will hear oral arguments on this motion by both parties after impanelment of the jury.  Each side is limited to ten minutes.

b)  Motion to Dismiss Due to Government Misconduct (#804)

Ruling on this motion is reserved until after the evidentiary hearing scheduled regarding defendants' motion #1504 on the same subject.  See Paragraph A.2 above.

c)  <u>Motion to Strike From the Indictment Aliases and Nicknames</u> (#808)

The motion is allowed.

d)  <u>Several Motions to Exclude Evidence on Hearsay, Relevance and Prejudice Grounds</u> (##809, 810, 811, 812, and 813)

Certain of the evidence which defendant anticipates the government states it will not offer.  If any such evidence is offered, the court will rule thereon at the trial.

e)  <u>Motion for Neuropsychological Examination of Stephen DiCenso</u> (#820)

The motion is denied.

f)  <u>Motion to Dismiss Certain Counts and Racketeering Acts on Double Jeopardy and Collateral Estoppel Grounds and a Related Motion to Stay Decision on the Motion to Dismiss</u> (##899 and 1544)

Since the double jeopardy issue has already been decided by the Court of Appeals, both motions are denied.

g)  <u>Motion to Disclose All Dates of Alleged Crimes</u> (#869)

This is in substance a request for a bill of particulars.  The motion is denied.

h)  <u>Motion to Disclose All Information Relating to a War from January 1995 to March 1997</u> (#870)

The motion is denied.

i) <u>Motions to Disclose All Information Relating to James Penta</u> (##871 and 1537)

The motions are denied.

j) <u>Motions for Disclosure of Debriefings of Certain Named Persons and FBI and DEA Investigation Reports Concerning Them and Others</u> (##1530, 1531, 1532, and 1538)

The motions are denied.

k) <u>Motions Pertaining to the Source of Information Contained in a November 27, 1996 Article in the Boston Herald</u> (##1533, 1534, 1535)

These motions are related to defendants' joint motion #1526 addressed in Paragraph A.13 above. Paul A. DeCologero's motions add no facts to controvert the government's denial that it was the source. The motions are therefore denied.

l) <u>Motion for Costs and Fees of Professor William Moushey, an Expert on the Witness Protection Program</u> (#1536)

Since the relevance of the proposed testimony is obscure the motion is denied.

**C.    Motions filed by the Government**

1. <u>Fourth Motion in Limine to Admit DNA Evidence</u> (#653)

The motion is reserved to the trial.

2. <u>Fifth Motion in Limine Concerning Grand Jury Proceeding</u> (#734)

The motion has been withdrawn.

3. <u>Seventh Motion in Limine to Preclude Evidence of Misuse of FBI Informants</u> (#748)

The government asserts that the FBI played essentially no role in this case and absolutely no role in Thomas Regan's cooperation.  Therefore, the motion is allowed unless defendant can show otherwise during the trial.

4. Refiled First Motion in Limine to Admit Certain Statements of Derek Capozzi to Jason Stone (#806)

The statements concern a) the burial of guns and b) the murder of Aislin Silva. The author, Derek Capozzi is not subject to cross-examination.  The government asserts that the statements are admissible as statements against interest and while prejudicial are not unfairly so and that they do not, in any event, directly implicate Paul A. DeCologero.

The motion is allowed as to item a), the guns; it is denied as to b), the murder.

5.  Refiled Second Motion in Limine to Admit Paragraphs 5 and 6 of an Affidavit Filed by Joseph Pavone in Support of Paul A. Decologero's Motion to Dismiss for Prosecutorial Misconduct (#807)

The motion is reserved to the trial.

6.  Eighth Motion in Limine to Admit Statements of Aislin Silva to Stephen Supino Concerning Paul A. DeCologero (#826)

As limited by the government, the motion is allowed.

7.  Motion to Terminate "Co-counsel" Status of Paul A. DeCologero (#900)

Paul A. DeCologero has requested that he be allowed to represent himself, acting pro se, and by counsel, Mr. Salsberg.  By this motion the government seeks a ruling against such dual representation.

The First Circuit has repeatedly held that there is no right to hybrid representation.  See e.g., <u>McCulloch v. Velez</u>; <u>U.S. v. Campbell</u>; <u>U. S. v. Nivica</u>.  Rather requests for such dual representation are left to the court's discretion, See <u>McCulloch</u>, but are to be granted only "sparingly".  At the hearing on the government's motion, defendant repeatedly cited <u>Faretta v. California</u>, in support of his right to hybrid representation, but that case established only a defendant's right to self-representation, not hybrid representation.  See <u>Campbell</u>.

In this case, dual representation would add considerable delay and unnecessary complexity to what will already be a lengthy and complicated multi-defendant, multi-count trial.  Accordingly, the government's motion is allowed and defendant's request, denied.  Defendant shall inform the government and the court before commencement of the trial whether he will proceed pro se or by counsel.

8.   <u>Refiled Fourteenth Motion in Limine to Preclude Certain Cross-examination of John Mercer</u> (#1487)

Special Agent John Mercer submitted an affidavit in another case which Judge Keeton found to be misleading.  The government seeks to exclude that finding as extrinsic evidence on the issue of Mercer's credibility.

The motion is allowed to the extent that Judge Keeton's finding is not admissible and may not be inquired into.  However, defendants are fully entitled to inquire of the witness as to his knowledge of the truth or falsity of his affidavit.

9.   <u>Refiled Tenth Motion in Limine to Preclude Certain Cross-examination of Thomas Regan</u> (#1488)

The motion concerns threats by Thomas Regan against his girlfriend in violation of law and his plea agreement.  The motion is allowed only as to the precise language used by Thomas Regan.  Defendants may cross-examine as to the fact of the threats and the government's decision not to prosecute or void the plea agreement.

10.  Motion in Limine Concerning Thomas Regan's Polygraph Test (?)

This motion is allowed in conjunction with the court's ruling on defendants' motion on the same subject, #1511.  See Paragraph A.9 above.

11.  Refiled Sixteenth Motion in Limine to Admit Summary Charts of Calls from Purchased Cell Phones (#1513)

The motion is allowed.

12.  Refiled Motion in Limine to Preclude Cross-examination of Stephen Dicenso Concerning a Felony Conviction on February 1, 1994 (#1521)

The motion is denied, but defendants may only inquire about the fact of conviction, not the underlying facts that led to the charges and conviction.

13.  Motion to Strike Allegations in the Indictment Which the Government Will Not Support by Evidence (#1522)

It is unclear whether the proposed deletions will eliminate or dilute potential defenses, and thus unduly prejudice defendants.  In any event, the government structured the indictment for its own purposes and should be bound by it unless the proposed changes are totally innocuous.  Because they do not appear so, the motion is denied.

14.  Motion to Accept Redacted Indictment (#1540)

12

The motion is allowed except to the extent noted in Paragraph 13 above and to the extent the government proposes to eliminate the reference to Kevin Meuse as "now deceased".

15.  <u>Refiled Fifth Motion in Limine to Preclude Evidence of Grand Jury Proceedings</u> (#1593)

The motion is allowed.


<table>
<tr><td>_____</td><td>/s/ Rya W. Zobel</td></tr>
<tr><td>DATE</td><td>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE</td></tr>
</table>