UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 01-10373-RWZ

UNITED STATES OF AMERICA

v.

PAUL A. DECOLOGERO, et al.

ORDER ON MOTIONS FOR RECONSIDERATION OF
CERTAIN RULINGS DATED JANUARY 4, 2006

January 13, 2006

ZOBEL, D.J.

1. Motion for Production of Discovery (#1529 on the docket, Item A. 14 in the Court's Order)

After the court denied production of all requests, the government gave defendants a letter that contains additional information about the "Stoneham overdoses." As a result, request No. 3 in the defendants' motion has gained some relevance. Accordingly, the government shall cause the "crime scene evidence" requested to be produced to defendants. In all other respects the ruling stands.

2. Motion to Suppress Statements John P. DeCologero, Jr. made to Michael Tannous (#821 on the docket, Item B. 3 (f) in the Court's Order)

Defendant seeks reconsideration of the denial of his motion, citing United States v. Lozada-Rivera, 177 F.3d 98 (1st Cir. 1999). That case states that "conduct by an individual may in certain circumstances be imputed to the government even where it

has not affirmatively directed the person to interrogate the defendant." Id. at 106. Such circumstances are not present here.

First, Tannous attempted to cooperate in a separate bank robbery case, involving a different federal prosecutor and different federal agents, but at no time during these discussions did either Tannous or government personnel mention defendant. Tannous's cooperation with the government in a separate and unrelated matter did not automatically render him a government agent in his conversations with defendant.

Second, Defendant also argues that Tannous became a government agent on the date he sent an unsolicited letter to the federal prosecutor in this case, thereby precluding any statements made by defendant to Tannous after that date. The government, however, did not respond to Tannous or even indicate any interest in the offered information until counsel was appointed for him. Government agents interviewed him several months later, long after he had been transferred to another facility. Thus, there is no evidence that the government in any way encouraged Tannous to pay any special attention to statements made by defendant or that the statements were anything other than "spontaneously volunteered." Id. This is not a case in which the informant's conduct can be imputed to the government.

The motion for reconsideration is denied.

3. Motion to Dismiss Certain Counts and Racketeering Acts on Double Jeopardy Grounds (##899 and 1544 on the docket, Item B 4 (f) in the Court's Order)

Defendant, Paul A. DeCologero, the author of the motions above, has by counsel filed a motion for reconsideration (#1615) on the grounds that newly discovered evidence has disclosed far greater synchronicity between the conspiracy charged in the Carrozza case and this one than had been noted by the Court of Appeals when it denied the earlier motion to dismiss.  Although there may be some overlap in the conspiracies, the new evidence does not persuade me that the patterns of racketeering activity in the two cases are substantially the same.  Accordingly, the motion for reconsideration is denied.

|  |  |
|---|---|
| DATE | /s/ Rya W. Zobel<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |